## RIGHTS UNDER A PRIVILEGE OF DRILLING FOR OIL.

Circuit Court of Wood County.

ALBERT J. STEELE V. OHIO OIL COMPANY.

Decided, May 3, 1912.

*Allegations of Reprehensible Conduct—Not Ground for Affirmative Relief, When—Right to Drill for Oil—Not Affected by Alleged Membership in an Oil Trust.*

An allegation that the defendant is a member of an unlawful conspiracy in restraint of trade, designed to create and perpetuate a monopoly in the business of producing, transporting and manufacturing petroleum and its products, is not ground for quieting the title of plaintiff in certain land on which the defendant claims the right to drill for oil.

*Geo. H. Phelps* and *Silas E. Hurin,* for plaintiff in error.
*J. W. Schaufelberger* and *F. P. Riegel,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to the Court of Common Pleas of Wood County.

In the court of common pleas, Albert J. Steele sued for the purpose of restraining the defendant from drilling oil wells upon a forty-acre tract of land owned by him in this county, and asked to have his title quieted against any claim made by the defendant. Subsequently he filed a second amended petition in which he set up additional grounds for an injunction. The additional grounds alleged were, in a general way, that the defendant is a member of and acting in furtherance of an unlawful and fraudulent conspiracy in restraint of trade designed to create and perpetuate a monopoly in the business of producing, transporting and manufacturing petroleum and its products in violation of the statutes of Ohio. The pleading contained other analogous allegations in further statement of the details of such claim of unlawful trust and conspiracy, but the pleading does not contain any averment that such alleged combination and conspiracy had anything to do with the oil lease referred to in plaintiff's

pleadings or that said lease was entered into in furtherance of the claimed conspiracy.

Thereafter, upon motion, all of these allegations contained in this pleading which relate to the claim of unlawful and fraudulent conspiracy were stricken from the pleading by order of the court of common pleas. At a later date, to-wit, on September 26th, 1911, the journal entry recites that the parties came with their attorneys and by consent in open court the plaintiff is permitted to withdraw all pleadings filed by him in the case subsequent to the original petition. The issues were then made up and the case tried upon the original petition and answer thereto, which averred a right to operate the lands for oil by reason of certain facts set forth in the answer, and a reply filed by the plaintiff which denied the right claimed by the defendant company by reason of the claim that such right was barred by the statute of limitations.

Upon the trial in the court of common pleas the issues were found for the defendant, the Ohio Oil Company. The plaintiff thereupon filed a petition in error in this court, in which he assigns as his only ground of error that the court erred in sustaining the motion of the defendant to strike from the second amended petition the matter constituting the plaintiff's principal ground of action. No bill of exceptions was taken and the plaintiff does not contend any error was committed by the court except in the one particular mentioned.

The state of the record is such in this case, that we are unable to see that the error upon which reliance is placed, arises. The plaintiff by leave of court voluntarily withdrew his pleading, which had, as he claims, been emasculated by order of the court, and the only issue submitted to the trial court, and upon which this judgment was based, was the issue made by the pleadings remaining in the case, viz., the original petition, the amended answer thereto, and the reply. None of these pleadings contained any of the averments which it is contended were erroneously ordered to be stricken out.

Under such circumstances error can not be predicated upon the action of the court in striking from the second amended petition the allegations to which reference has been made. If any

error was committed in that respect, it was waived by a voluntary withdrawal of the pleading upon leave of the court. We have, however, examined the question sought to be made because of its importance and of the attempt to present it upon the record. If the question were fairly before us we would be constrained to hold that the court of common pleas committed no error in ordering the matter, which avers that the Ohio Oil Company was a party to an unlawful conspiracy in restraint of trade, stricken from the second amended petition.

The question was before this court two or three years ago in Sandusky county in the case of *Herbrand Company* v. *Bellefontaine Bridge & Iron Company,* an unreported case. In that case the court of common pleas had held that the fact, if it was a fact, that the Bellefontaine Bridge & Iron Co. was a member of an unlawful trust and combination called "the bridge trust," did not prevent its recovering upon a contract for furnishing the Herbrand Co. certain building material for a structure being erected by the latter company in the city of Fremont. We see no reason to differ with the holding thus made. If a plaintiff were a member of a gang of highwaymen, such plaintiff would not thereby be deprived from recovering in a court of law upon a contract having no relation to his criminal membership in such organization. In analogy to this principle we cite *Kinner* v. *L. S. & M. S. Ry. Co.,* 69 O. S.; 339, in which the familiar rule is announced that the plaintiff when he comes into a court of equity must come with clean hands, requires only that the plaintiff must not be guilty of reprehensible conduct with respect to the subject-matter of his suit. This principle is one of universal application and has been followed in *Holland Stock Remedy Co.* v. *Independent Chemical Co.,* 17 Ohio Dec., 207, and in many other cases.

It is insisted in argument that the plaintiff is not entitled to prosecute error for the reason that no exception was lodged to the final judgment of the trial court, but no exception need be taken to a final judgment. See *Commercial Bank* v. *Buckingham,* 12 O. S., 402.

Finding no prejudicial error the judgment of the court of common pleas will be affirmed.